**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| **GERRY DWAINE GIDDINGS, #559365,**　)<br>　　　　Plaintiff,　　　　　　　　　　　)<br>　　　　　　　　　　　　　　　　　　　)<br>**v.**　　　　　　　　　　　　　　　　　)<br>　　　　　　　　　　　　　　　　　　　)<br>**LUPE VALDEZ, et al.,**　　　　　　　)<br>　　　　Defendants.　　　　　　　　　　) | **3:06-CV-2384-G**<br>**ECF** |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the Court in implementation thereof, this cause has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

　　Type of Case: This is a civil rights action brought by a state inmate pursuant to 42 U.S.C. § 1983.

　　Parties: Plaintiff is presently incarcerated at the Estelle Unit of the Texas Department of Criminal Justice Correctional Institution Division. Defendants are Dallas County Sheriff Lupe Valdez, John Doe Chief Medical Officer with the University of Texas Medical Branch (UTMB), and John Doe Physician at the Dallas County Jail.

　　The Court did not issue process in this case, pending preliminary screening. On January 4, 2007, the Court issued a questionnaire to Plaintiff, who filed his answers thereto on February 9, 2007.

　　Statement of Case: Plaintiff complains that Defendants failed to examine and treat a pre-

existing medical condition -- degenerative joint disease of his hips -- during his two-month confinement at the Dallas County Jail from August 5, until approximately October 7, 2005. Plaintiff further complains that Defendants failed to respond to his numerous "sick-call" complaints and grievances during the same two-month period, thus denying him all access to medical care for his degenerative joint disease. He requests monetary relief. (Complaint at 4).

Findings and Conclusions: The Court has permitted Plaintiff to proceed *in forma pauperis*. His complaint is, thus, subject to screening under 28 U.S.C. § 1915A, which imposes a screening responsibility on the district court. Section 1915A reads in pertinent part as follows:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which *a prisoner* seeks redress from a governmental entity or officer or employee of a governmental entity [and] [o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

28 U.S.C. § 1915A(a) and (b) (emphasis added). *See also* 28 U.S.C. § 1915(e)(2)(B) (applicable to all *in forma pauperis* actions); 42 U.S.C. § 1997e(c)(1) (applicable to prison condition cases).

Sections 1915A(b), 1915(e)(2)(B), and 1997e(c)(1) provide for *sua sponte* dismissal if the Court finds that the complaint is "frivolous" or that it "fails to state a claim upon which relief may be granted." A complaint is frivolous, if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).[1]

---

[1] Exhaustion of administrative remedies under 42 U.S.C. § 1997e(c), is mandatory before the filing of any suit challenging prison conditions. *Woodford v. Ngo*, ___ U.S. ___, 126 S.Ct. 2378, 2382-83 (2006) (citing *Porter v. Nussle*, 534 U.S. 516, 524 (2002); *Booth v. Churner*, 532 U.S. 731, 741 (2001)). Plaintiff alleges that he did not receive a response to any of his seven inmate grievances, which complained about his degenerative hip condition. (*See* Answer to Questions 12). It is, thus, unclear whether Plaintiff was prevented from exhausting his administrative remedies at the Dallas County Jail. Nevertheless, the Court may dismiss a

Plaintiff's medical care claim does not rise to an actionable constitutional violation. To state a colorable claim under the Eighth Amendment for denial of medical care, convicted inmates must allege acts or omissions "sufficiently harmful to evidence a deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Norton v. Dimazana*, 122 F.3d 286, 291 (5th Cir. 1997). "Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind." *Norton*, 122 F.3d at 291. It occurs when a prison official subjectively knows of and disregards a substantial risk to the inmate's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 837-840, 114 S.Ct. 1970 (1994).[2]

Not every condition which requires treatment constitutes a "serious medical need" which implicates rights under the United States Constitution. As the Court made clear in *Farmer v. Brennan*, the condition alleged must be "objectively 'sufficiently serious.'" *Id.* at 834, 114 S.Ct. at 1977. The Court further held that "[a] prison official cannot be found liable under the Eighth Amendment for denying an inmate inhumane conditions of confinement unless the official knows of and disregards an *excessive risk to inmate health or safety*. *Id.* at 837, 114 S.Ct. 1979 (emphasis added).

---

claim as frivolous or for failure to state a claim without first requiring exhaustion of administrative remedies. *See* 42 U.S.C. § 1997e(c)(2) ("In the event that a claim is, on its face, frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief, the court may dismiss the underlying claim without first requiring the exhaustion of administrative remedies).

[2] It appears Plaintiff was incarcerated at the Dallas County Jail for two months because of parole revocation proceedings and new drug charges. (Answer to Questions 1-2). Even if Plaintiff was a pretrial detainee during some of the events in question, the same standard would apply to his claims under the Due Process Clause of the Fourteenth Amendment. *Wagner v. Bay City, Tex.,* 227 F.3d 316, 324 (5th Cir. 2000); *Olabisiomotosho v. City of Houston*, 185 F.3d 521, 526 (5th Cir. 1999).

The degenerative hip join disease experienced by Plaintiff fails to constitute a condition which creates an excessive risk to his health or safety. While it is undoubtedly true that the disease produces pain and impairs a person's ability to ambulate comfortably, it is not life-threatening. It is common knowledge that this impairment is one which many persons suffer from, particularly among those in late middle-age or the elderly segments of the population at large. The fact that Plaintiff claims he suffered from this disease for an extended period of time, both prior to his incarceration and during his stay in the Dallas County Jail, and for an additional eight months while confined in the Texas prison system before his hip replacement operation, unequivocally establishes that he was not subjected to a life-threatening risk due to any delay in treatment. Indeed, even persons who are not incarcerated are subject to similar delays while awaiting hip replacement surgery.

Since Plaintiff cannot satisfy the first requirement of a constitutional deprivation, it is unnecessary to consider whether he has alleged facts as to any of the named defendants relating to a "culpable state of mind." *See Wilson v. Seiter*, 501 U.S. 294, 302-303, 111 S.Ct. 2321, 2326 (1991).

Next Plaintiff alleges that Defendants failed to respond to his numerous "sick-call" requests and grievances. Insofar as Plaintiff seeks relief regarding an alleged violation of his due process rights resulting from the prison grievance procedures at the Dallas County Jail, his claim is frivolous. A prisoner has a liberty interest only in "freedom[s] from restraint ... impos[ing] *atypical* and significant hardship on the inmate in relation to the ordinary incidents of prison life.'" *Sandin v. Conner,* 515 U.S. 472, 484 (1995). Plaintiff does not have a federally protected liberty interest in having his "sick-call" requests and/or grievances addressed and resolved to his

4

satisfaction. "As he relies on a legally nonexistent interest, any alleged due process violation arising from the alleged failure to investigate his grievances is indisputably meritless." *Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005) (prisoner did not have liberty interest, of kind protected by Due Process Clause of Fourteenth Amendment, in having grievance against mail room and security staff of prison, for allegedly withholding and ultimately losing some of his mail, resolved to his satisfaction).

Moreover, an inmate does not have a constitutional entitlement to an adequate grievance procedure. *See e.g., Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994) (there is no constitutional right to participate in grievance procedures); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430-31 (7th Cir. 1996) (inmates do not have a constitutional right to an adequate grievance procedure; any right to inmate grievance procedure is procedural, not substantive, right and, thus, state's inmate grievance procedures do not give rise to liberty interest protected by due process clause); *Flick v. Alba,* 932 F.2d 728, 729 (8th Cir. 1991) (per curiam) (inmates do not have a constitutional right to participate in grievance procedures); *Jenkins v. Henslee*, 2002 WL 432948, *2 (N.D.Tex. Mar 15, 2002) (NO. 3-01-CV-1996-R). Although an adequate grievance procedure is a condition precedent to filing a suit arising under § 1983, *see* 42 U.S.C. 1997e(a), its ineffectiveness or altogether absence does not give rise to a constitutional claim. Hence any alleged violation of the grievance procedure as alleged in Plaintiff's complaint does not amount to a constitutional violation.

Lastly, the Court notes that Plaintiff has not alleged a sufficient physical injury to sustain a claim for damages for mental or emotional injury suffered while in custody. *See* 42 U.S.C. § 1997e(e); *Harper v. Showers*, 174 F.3d 716, 719 n. 5 (5th Cir. 1999). He merely points to the

pain and suffering that he endured continuously as a result of the degenerative joint disease and the depression, anxiety and worry that he experienced as a result of his condition. (Answer to Question 14). Such an allegation is insufficient to allege a physical injury under § 1997e(e).

RECOMMENDATION:

For the foregoing reasons, it is recommended that Plaintiff's complaint be DISMISSED with prejudice as frivolous. *See* 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B), and 42 U.S.C. § 1997e(c)(1).

A copy of this recommendation will be mailed to Plaintiff.

Signed this 3rd day of April, 2007.

*Wm. F. Sanderson, Jr.*
_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.